UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICK DEWAYNE BEASLEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) )   No. 2:16-cv-0109-WTL-MJD |
| CHARLES A. DANIELS Warden, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Petitioner Patrick Beasley is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). He challenges the validity of his conviction following his guilty plea conviction for wire fraud entered in the United States District Court for the Northern District of Mississippi in No. 2:10-CR-78-4. *See United States v. Beasley*, 490 F. App'x 676 (5th Cir. 2012)(affirming sentence). Following Beasley's appeal challenging the reasonableness of his sentence, he filed a motion for relief pursuant to 28 U.S.C. § 2255. The trial court denied relief, rejecting Beasley's assertion of various specifications of ineffective assistance of counsel. *Beasley v. United States*, 2013 WL 6632063 (N.D.Miss. Dec. 17, 2013).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, this is an appropriate case for such a disposition.

## II.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Beasley, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, No. 14-3313, 2016 WL 3910054, at *6 (7th Cir. July 19, 2016). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy."

### III.

Beasley's claims in the present case are that:

(1) he is entitled to the retroactive application of *Alleyne v. United States,* 133 S. Ct. 2151, 2163-64 (2013), in which the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" because when a finding by a sentencing judge "increase[s] the penalty to which the defendant [is] subjected," that fact must be "found by the jury beyond a reasonable doubt" to comply with the Sixth Amendment. "This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Id.* at 2156 (plurality opinion); and

(2) there was a violation at his sentencing of the principle recognized in *United States v. Coppenger*, 775 F.3d 799, 803 (6th Cir. 2015), that sentencing procedures must "afford[ ] the defendant a reasonable opportunity to respond."

Beasley also suggests in his filing of September 29, 2016 that the sentencing judge may be biased against Beasley and that this is another reason for his habeas claim to be entertained in the District of his confinement.

### IV.

Beasley has been notified of the statutory scheme described in Part II of this Entry and has twice supplemented his petition. His efforts fall short. His reliance on *Alleyne* is misplaced. *Poe v. LaRiva*, No. 14-3513, 2016 WL 4434552, at *3 (7th Cir. Aug. 22, 2016). His other arguments likewise fail to establish the elements of a claim sufficient to trigger the Savings Clause of 28 U.S.C. § 225(e) and appears to have been rejected in his direct appeal. All Beasley has done, in fact, is to seek relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

**V.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 10/4/16

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

PATRICK DEWAYNE BEASLEY
10746-026
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808